[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 147)
On November 21, 1997, the plaintiff, John Duncan, filed a seventy-nine count third revised complaint against the defendants, Junior Achievement, Inc. (hereinafter National) a/k/a and d/b/a Junior Achievement of Western Connecticut, Inc. (hereinafter Western), Bryan Heubner, Dr. George R. Dunbar, Peter G. Dahi, Victor Gellineau and Phyhis Gustafson.[1] On or about December 2, 1991, the plaintiff was hired by the Board of Directors of Western as its President. Thereafter, on January 17, 1995, the plaintiff was discharged by Western for his alleged unacceptable performance. The allegations relevant to this motion are that the plaintiff was terminated on the basis of his sex, age and physical disability, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. and the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-51 et seq.
On January 27, 1998, National moved to dismiss counts one and fifteen of the plaintiff's revised complaint, on the ground that the court lacked subject matter jurisdiction. Thereafter, on April 8, 1998, the plaintiff filed an objection and memorandum in support of his objection to National's motion to dismiss.
"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Town of Branford,247 Conn. 407, 411, 722 A.2d 271 (1999). In addition to asserting lack of jurisdiction over the person, "[t]he motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.CT Page 13597Manchester, 235 Conn. 637, 646 n. 13, 668 A.2d 1314 (1995). Notably, "[j]urisdiction of the subject-matter is the power [of the court] to heat and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706
(1998).
 I. The Age Discrimination in Employment Act
National argues that the court should dismiss count one of the plaintiff's revised complaint because the plaintiff failed to exhaust his administrative remedies under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 626(d)[2] and (e)[3], prior to commencing his civil action. Specifically, National argues that this court lacks subject matter jurisdiction because the plaintiff failed to file a charge of age discrimination naming it with either the Commission on Human Rights and Opportunities (CHRO) or the Equal Employment Opportunities Commission (EEOC).
On July 7, 1995, the plaintiff filed a complaint against Western with the CHRO alleging, inter alia, age discrimination. On June 14, 1996, the CHRO released its jurisdiction, and issued the plaintiff a right to sue the defendant named in his CHRO complaint, Western. The plaintiff argues that although he did not name National as a defendant, he did refer to it within the body of his CHRO complaint. Moreover, the plaintiff argues that based upon National's prior business practices, it may be assumed that it had notice of the plaintiff's charges. The plaintiff also argues that although he sought legal assistance on the matter prior to filing the complaint, he filed the CHRO complaint without counsel.
As a preliminary matter, it is well established that in determining the application of federal statutes the courts of Connecticut may look to the courts of the Second Circuit for guidance. See Thomas v. West Haven, 249 Conn. 385, 392, ___ A.2d ___ (1999). Indeed, the Connecticut Supreme Court has stated that "[t]he decisions of the federal circuit in which a state court is located are entitled to great weight in the interpretation of a federal statute." (Internal quotation marks omitted.) Id.
As a general rule, a complainant must file a charge with the EEOC, or other appropriate state agency, naming all employers alleged to have committed the discrimination, to satisfy the CT Page 13598 jurisdictional prerequisites for commencing a civil action under the ADEA.[4] See Gerzog v. London Fog Corp. , 907 F. Sup. 590,599 (E.D.N.Y. 1995). This filing requirement facilitates an exhaustion of remedies approach to employment discrimination claims. See Bapat v. Connecticut Department of Health Services,815 F. Sup. 525, 530 (D. Conn. 1992). The purpose of this exhaustion requirement is twofold, "(1) to provide actual notice of the pending complaint to those alleged to have committed the violations and (2) to provide the charged parties an opportunity to seek resolution of the matter without resort to the federal courts." Id.
The Second Circuit has resisted a rigid interpretation of the EEOC filing requirements, stating that "these charges generally are filed by parties not versed in the vagaries of [the employment discrimination statutes]."[5] Johnson v. Palma,931 F.2d 203, 209 (2nd Cir. 1991). So as not to frustrate the voluntary conciliation purpose of the ADEA and Title VII, the Second Circuit has adopted an exception to the general rule in instances where "a named defendant and an unnamed defendant share a sufficient `identity of interests'." Gerzog v. London FogCorp. , supra, 907 F. Sup. 599. See also, Bapat v. ConnecticutDepartment of Health Services, supra, 815 F. Sup. 530; Sharkey v.Lasmo (AUL Ltd.), 906 F. Sup. 949, 954 (S.D.N.Y. 1995); Dortz v.City of New York, 904 F. Sup. 127, 142 (S.D.N.Y. 1995). This exception relaxes "the exhaustion requirement in circumstances where the two underlying purposes of this rule are satisfied."Bapat v. Connecticut Department of Health Services, supra,815 F. Sup. 530.
"As a threshold matter, [the identity of interests] exception only applies where [the] plaintiff is not represented by counsel." Sharkey v. Lasmo (AUL Ltd.), supra, 906 F. Sup. 954. The plaintiff alleges that he consulted with an attorney but decided to represent himself prior to filing the CHRO complaint. Although the plaintiff consulted with an attorney prior to the filing of his CHRO complaint, he was not represented by counsel at the time he filed the complaint with the CHRO. Therefore, the court finds that the plaintiff has satisfied the threshold requirement of the exception, which is to provide assistance to complainants who are unfamiliar with the administrative prerequisites of the CHRO. Id.
Although the court has found that the plaintiff satisfied the threshold requirement, the court also must examine the following four factors to determine whether there are sufficient identity CT Page 13599 of interests between National and Western:
 "(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." (Internal quotation marks omitted.) Vital v. Interfaith Medical Center, 168 F.3d 615, 619 (2d Cir. 1999).
Applying these four factors to the present case and construing the allegations in a light most favorable to the plaintiff, a sufficient identity of interests between National and Western would not appear to exist.
As the former President of Western, the plaintiff could have ascertained the role of National through reasonable effort. Having failed to exercise such effort, the plaintiff has not satisfied the first prong of the test because he could have ascertained National's relationship to Western through reasonable effort at the time he filed his discrimination charge. See Vitalv. Interfaith Medical Center, supra, 168 F.3d 619.
Furthermore, the interests of National and Western are not so similar that, for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include National in the CHRO proceedings. Specifically, the plaintiff alleges that National is Western's national headquarters and as such is interested in Western's image. However, the plaintiff also alleges that National and Western are separately incorporated and managed by separate and independent boards of directors. The plaintiff fails to allege sufficient facts to support his argument that the overall interests of National and Western are so similar that National would not need to be included in the CHRO proceedings. See Vital v. Interfaith Medical Center, supra, 168 F.3d 620. Therefore, the plaintiff has failed to satisfy the second prong of the test because, under the circumstances, National's and Western's interests are not so similar that it CT Page 13600 would be unnecessary to include National in the CHRO proceedings. See Vital v. Interfaith Medical Center, supra, 168 F.3d 619.
It would appear that National's absence from the CHRO proceedings resulted in actual prejudice to its interests. See Vital v. Interfaith Medical Center, supra, 168 F.3d 620. Specifically, National argues that if they were a named defendant in the CHRO complaint they would have filed a response to the charges or engaged in any available administrative conciliation processes. Moreover, following the reasoning of the Second Circuit, an investigation by the CHRO, prompted by the filing of a charge against National, may have revealed that National played no role in the decisions relating to the plaintiff's complaint, resulting in a termination of the charges against them. SeeJohnson v. Palma, supra, 931 F.2d 210. Therefore, the plaintiff failed to satisfy the third prong of the test because National was prejudiced by the plaintiff's failure to name it as a defendant in the CHRO charge. See Vital v. Interfaith MedicalCenter, supra, 168 F.3d 620.
With respect to the fourth prong of the test, the plaintiff does not allege that National represented to him that his relationship with National would be through Western. On the contrary, the plaintiff states that he was both hired and terminated solely by Western. Therefore, the plaintiff does not satisfy the fourth prong of the test because he fails to allege that National represented to him, at any time, that his relationship with it would be through Western. See Vital v.Interfaith Medical Center, supra, 168 F.3d 620.
National further argues that the court should dismiss the plaintiff's complaint against it because as an unnamed defendant it had no actual notice that it would be sued under the ADEA. The plaintiff argues that the court should not dismiss the action against National because based upon National's prior business practices it had notice of the discrimination action. The plaintiff, however, fails to distinguish between National's notice of the charge of discrimination against Western with National's actual notice of a charge of discrimination against it. See Vital v. Interfaith Medical Center, supra, 168 F.3d 620. Specifically, the plaintiff's CHRO complaint charged Western with specific acts of discrimination, while failing to enunciate any such charges against National. As the plaintiff failed to name National as a defendant in the CHRO complaint or to delineate any specific charges of discrimination within the body of the CHRO CT Page 13601 complaint, National did not have actual notice that it was subject to the plaintiff's discrimination charge. See Johnson v.Palma, supra, 931 F.2d 210. Accordingly, the plaintiff's CHRO complaint was insufficient to put National on notice of charges against it. See Johnson v. Palma, supra, 931 F.2d 210-11.
Therefore, count one of the plaintiff's revised complaint is dismissed for lack of subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies against National and none of the exceptions to that requirement apply here.
 II. Connecticut Fair Employment Practices Act
National next argues that count fifteen of the plaintiff's complaint, which alleges age discrimination in violation of the Connecticut Fair Employment Practices Act, General Statutes §46a-51 et seq., should be dismissed for lack of subject matter jurisdiction because the plaintiff did not name National as a defendant in his CHRO complaint. In response, the plaintiff argues that although he did not name National as a defendant, he did refer to National within the body of his CHRO complaint.
General Statutes § 46a-101 provides in relevant part that "[n]o action may be brought in accordance with section 46a-100
unless the complainant has received a release from the commission in accordance with the provisions of this section." Moreover, the Connecticut Supreme Court has stated that "[i]t is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination. . . . [T]he act does not provide an unconditional private right of action for claimants." Sullivan v. Board ofPolice Commissioners, 196 Conn. 208, 215 (1985). Further, "[t]he Superior Court lacks subject matter jurisdiction in a matter if an adequate administrative remedy exists, and it has not been exhausted." Malasky v. Metal Products Corp. , 44 Conn. App. 446,452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 689 A.2d 1145
(1997).
In determining whether a plaintiff has exhausted available administrative remedies under the CFEPA, Connecticut courts have relied upon the limited identity of interests exception adopted by the Second Circuit, to permit "an action against an unnamed respondent to an EEOC complaint if the underlying dual purposes of the exhaustion requirement are otherwise satisfied." MalaskyCT Page 13602v. Metal Products Corp. , supra, 44 Conn. App. 453-54. The court also stated that "[t]he purpose of this exhaustion requirement is to provide notice to those alleged to have committed the violations and to provide an opportunity for the parties to comply voluntarily with the requirements [of the statute]. . . . A limited exception to the exhaustion requirement permits an action against a party not named as a respondent in the EEOC complaint if the underlying dual purposes of the exhaustion requirements are otherwise satisfied. . . . Specifically, the factors to be considered under this exception are 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." (Citations omitted; internal quotation marks omitted.) Id.
For the same reasons previously mentioned in this memorandum, the plaintiff has failed to satisfy the four factors of the limited identity of interests exception.[6] Furthermore, it would appear that National did not have actual notice of the plaintiff's discrimination charge against it.
The plaintiff argues that National although not a named defendant, nonetheless had actual notice of the plaintiff's discrimination charge. See Malasky v. Metal Products Corp.,
supra, 44 Conn. App. 456. Specifically, the plaintiff argues that National was referred to within his CHRO complaint, and thus by implication had actual notice. In Malasky, the Appellate Court was presented with a factually similar situation. In that case, the plaintiff alleging sexual harassment, filed a CHRO complaint naming two corporations, Metal Products Corp. and Birken Manufacturing Co., as defendants. See Malasky v. Metal ProductsCorp. , supra, 44 Conn. App. 448. The CHRO released jurisdiction thereby permitting the plaintiff to sue the named defendants. See id. However, the plaintiff commenced a civil action against the two named defendants and Sidney Greenberg (Greenberg), the owner of both companies. See Malasky v. Metal Products Corp. , supra,44 Conn. App. 447. Greenberg filed a motion to dismiss the CT Page 13603 applicable counts against him arguing that the plaintiff failed to exhaust the administrative remedies because the plaintiff did not name him as a defendant in the CHRO complaint. See Malasky v.Metal Products Corp. , supra, 44 Conn. App. 449-50.
The plaintiff argued that although Greenberg was not a named defendant he was referred to within the CHRO complaint. The trial court granted the defendant's motion to dismiss. See Malasky v.Metal Products Corp. , supra, 44 Conn. App. 451. On appeal, the court reversed the trial court's holding. The Appellate Court applied the identity of interests exception and concluded that the plaintiff had exhausted the available administrative remedies. See Malasky v. Metal Products Corp. , supra,44 Conn. App. 453-54. Specifically, the court held that Greenberg had sufficient notice of the plaintiff's discrimination action because he was named and referred to within the body of the CHRO complaint. See Malasky v. Metal Products Corp. , supra,44 Conn. App. 454. The court stated that "[i]n his position as `owner' and president of the companies involved, Greenberg certainly had notice of the CHRO complaint. Because the plaintiff's CHRO complaint specifically stated which acts performed or not performed by Greenberg that the plaintiff considered to have harmed her, there can be no prejudice as to him. In addition, Greenberg's interests as president and owner of the companies and the interests of the two companies themselves are nearly identical for purposes of voluntary conciliation and compliance."Malasky v. Metal Products Corp. , supra, 44 Conn. App. 455.
Malasky is factually distinguishable from the present case. In the present case the plaintiff did not state within his CHRO complaint any act or omission on the part of National which resulted in the alleged discrimination against the plaintiff.Malasky v. Metal Products Corp. , supra, 44 Conn. App. 455-56. Therefore, National did not have actual notice that the plaintiff was alleging discrimination against it. See Johnson v. Palma, supra, 931 F.2d 210-11.
Accordingly, count fifteen of the plaintiff's revised complaint is dismissed for lack of subject matter jurisdiction for the reason that the plaintiff failed to exhaust his administrative remedies against National.
Based on the foregoing, National's motion to dismiss counts one and fifteen of the plaintiff's revised complaint is granted. CT Page 13604
SKOLNICK, J.